# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CORRINE GEHRLS, | ) |
| Plaintiff, | ) |
| v. | ) No. 09 C 6338 |
| | ) Wayne R. Andersen |
| MYRON GOOCH, KIRBY BUMPUS and HARPO, INC., | ) District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

This case is before the court on the motions of defendants Kirby Bumpus, Myron Gooch and Harpo Inc. to dismiss plaintiff's complaint in its entirety. For the reasons st forth below, Bumpus' motion to dismiss [18] is granted. Gooch's motion to dismiss [32] is denied, and Harpo's motion to dismiss [27] is granted in part and denied in part.

### BACKGROUND

According to the complaint, plaintiff Corrine Gehrls was employed by Harpo which is owned by Oprah Winfrey. Plaintiff and defendant Gooch were employed as flight attendants on Ms. Winfrey's private plane. Plaintiff alleges that Gooch devised a scheme to have her and Harpo pilot Terry Pansing fired by reporting false allegations of "intimate behavior" between plaintiff and Pansing through use of Gooch's influence with Ms. Winfrey. Plaintiff further alleges that pursuant to Gooch's scheme to have her fired, Gooch approached defendant Kirby Bumpus to assist him in his scheme. Plaintiff alleges that Gooch and Bumpus agreed to make a

false and defamatory report to Ms. Winfrey about plaintiff and Pansing having intimate contact outside the cockpit of Winfrey's private plane.

Plaintiff alleges that Gooch and Bumpus falsely reported to Ms. Winfrey and Harpo that on a June 14, 2009 flight, plaintiff and Pansing were seen engaging in inappropriate intimate behavior. Plaintiff denies that any such conduct ever occurred. After this alleged report, plaintiff alleges that she and Pansing were discharged. Plaintiff also alleges that a report was put in her personnel file citing the basis for her discharge with Harpo as the alleged inappropriate intimate conduct. Plaintiff contends that the false and defamatory report of alleged intimate behavior between plaintiff and Pansing to Ms. Winfrey ultimately were the basis for her discharge.

Plaintiff has filed a four-count complaint against defendants Bumpus, Gooch and Harpo. In Count I, plaintiff alleges a claim for defendant against Gooch and Bumpus, and Count II states a claim for defamation against Harpo. In Count III, plaintiff alleges a claim against Gooch for tortious interference with prospective business advantage, and Count IV asserts that Harpo is vicariously liable for Gooch's tortious interference with plaintiff's prospective economic advantage with Harpo. Defendants have filed motions to dismiss plaintiff's complaint in its entirety.

## ANALYSIS

### I. Defendant Bumpus' Motion to Dismiss

Bumpus has filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2). When personal jurisdiction is contested, "[t]he plaintiff has the burden of making a prima facie case for personal jurisdiction." *Jackson v. Cal. Newspapers Partnership*, 406 F. Supp. 2d 893, 895 (N.D. Ill. 2005). A federal court sitting in diversity has personal jurisdiction

over a non-resident defendant only if an Illinois court would have jurisdiction. *Id.* at 895. As set forth in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), a court can exercise personal jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316. The holding of *International Shoe* requires that the "defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Jackson*, 406 F. Supp. 2d at 895 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Plaintiff has not alleged continuous and systematic contacts with the State of Illinois sufficient to render Bumpus subject to general jurisdiction. Therefore, the sole issue this court must resolve as to Bumpus' motion to dismiss is whether this court has specific jurisdiction over her. To establish specific jurisdiction, a plaintiff must establish that the "defendant's intentional tortious actions expressly aimed at the forum state cause harm to the plaintiff in the forum state and the defendant knows such harm is likely to be suffered." *Richter v. INSTAR Enters. Int'l Inc.* 594 F. supp. 2d 1000, 1010 (N.D. Ill. 2009). The mere allegation that a defendant has committed an intentional tort against the plaintiff does mean that the plaintiff may hale a defendant into court in the plaintiff's home state when the defendant otherwise has no contacts with that state. *Wallace v. Herron*, 778 F.2d 391, 394 (7th Cir. 1985). The alleged commission of an intentional tort without more does not confer jurisdiction over that defendant.

In this case, the circumstances surrounding the alleged statements made by Bumpus are insufficient to render her subject to personal jurisdiction in Illinois. There is no allegation that Bumpus explicitly directed her alleged statements to Illinois, which serves as the basis for plaintiff's complaint. Based on the allegations in plaintiff's complaint, Bumpus allegedly made

3

a report regarding her observation of conduct between plaintiff and the pilot of a Harpo flight. This alleged report was made in South Africa. There are no allegations that Bumpus ever referenced Illinois or that she had any knowledge about where plaintiff lived or her employment with Harpo. Nothing can be derived from these facts to suggest that Bumpus "expressly aimed" her statements at the State of Illinois. Without more, the mere fact that a tort occurred in Illinois does subject Bumpus to personal jurisdiction in Illinois.

In addition, "[d]ue process requires that it be foreseeable that the defendant's conduct and connection with the forum State are such that [s]he should be reasonably anticipate being haled into court there." *Wallace*, 778 F.2d 394. However, there is nothing to suggest that Bumpus ever anticipated being haled into court in Illinois. Based on the allegations of the complaint, Bumpus reported her observations in South Africa and had no subsequent involvement with the chain of events that led to plaintiff's discharge. There is no indication, and it is not reasonable to assume, that Bumpus could have reasonably anticipated being haled into court in the State of Illinois – a state in which she does not have minimum contacts. Therefore, defendant Kirby Bumpus' motion to dismiss for lack of personal jurisdiction [18] is granted.

**II. Gooch's Motion to Dismiss**

Defendant Myron Gooch has filed a motion to dismiss Counts I and III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In order to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

*Iqbal,* 129 S.Ct. at 1940 (citing *Twombly,* 550 U.S. at 556). Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Rujawitz v. Martin,* 561 F.3d 685, 688 (7th Cir.2009).

Plaintiff contends that Gooch is liable for the alleged defamatory statement he made that plaintiff had been observed having "inappropriate intimate conduct" with the pilot on a Harpo flight. In Illinois, a statement will be considered defamatory "if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him." *Boese v. Paramount Pictures Corp.*, 952 F. Supp. 4550, 553 (N.D. Ill. 1996). To state a claim for defamation under Illinois law, a plaintiff must show that the defendant "made a false statement concerning him, that there was an unprivileged publication to a third party with fault by the defendant, which caused damage to the plaintiff." *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 381 F.3d 717, 726 (7th Cir. 2004).

Federal law requires "notice pleading of the substance of defamation claims; no heightened pleading standard applies to such claims when brought in federal court." *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003). A plaintiff is required to plead "the alleged defamatory words published or spoken by the defendant, but need not allege the defamatory language verbatim." *Flentye v. Katherrein*, 485 F. Supp. 2d 903, 919 (N.D. Ill. 2007). In her complaint, plaintiff quotes a summary report placed in her personnel file that she and Pansing had been observed engaging in "inappropriate intimate conduct" in the galley of the plane during a June 14, 2009 flight. Comp. ¶ 16. Plaintiff further alleges that the statements

5

made prejudiced her "in her occupation and profession and because they accused her of adultery and fornication with Pansing, a married man." Comp. ¶ 23.

Based on the allegations of the complaint, which are presumed true for purposes of a motion to dismiss, plaintiff has sufficiently alleged a claim for defamation. The court recognizes that there likely will be an issue as to whether the statement made by Gooch constituted and a statement of opinion which is constitutionally protected. *Drury v. Sanofi-Synthelabo, Inc.*, 292 F. Supp. 2d 1068, 1070 (N.D. Ill. 2003) (citing *Boese*, 952 F. Supp at 955) (holding that "statements are not actionable as defamation if they are statements of opinion, which are constitutionally protected"). However, at the motion to dismiss stage, plaintiff is entitled to all reasonable inferences and the exact details and substance of the statements made will be discerned through discovery. *See Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273, 1285 (N.D. Ill. 1996) (defamation claim "should not fail for vagueness" when a plaintiff "has alleged the basic substance of the statement"). Therefore, defendant Gooch's motion to dismiss Count I is denied.

Gooch also argues that Count III should be dismissed. To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege: (1) a reasonable expectation of continued employment; (2) defendant's knowledge of this expectancy; (3) interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference. *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 511, 568 N.E.2d 870, 878 (1991). Gooch argues that plaintiff's claim for interference with prospective business advantage fails because, as an agent of Harpo acting with the scope of his employment, he was not acting toward a third party. However, Illinois law suggests otherwise. In *Popko v. Continental Casualtty Co.*,

355 Ill. App.3d 257, 823 N.E.2d 184 (1st Dist. 2005), in a setting identical to this case, the Illinois Appellate Court sustained a defamation verdict against the plaintiff's fellow employees, who had defamed plaintiff in their performance reviews that cost plaintiff his job. Federal courts have reached a similar conclusion. *See Constantino v. Morningstar, Inc.*, 2004 WL 842509, at *2 (N.D. Ill. April 15, 2004) (holding that when "a corporate officer, supervisor or co-worker maliciously misuses his or her powers to cause a discharge, the officer, supervisor or co-worker may be held liable for tortious interference"). Therefore, defendant Gooch's motion to dismiss Count III is denied.

### III. Harpo's Motion to Dismiss

Harpo has filed a motion to dismiss Counts II and IV. Plaintiff alleges claims for defamation and interference to her prospective economic advantage against Harpo based upon the doctrine of respondeat superior. Because we have found that a claim for defamation is properly pled in Count I, Count II for defamation against Harpo based on respondeat superior also is sufficiently pled, and Harpo's motion to dismiss Count II is denied.

In Count IV, plaintiff alleges that Harpo is vicariously liable for defendant Gooch's tortious conduct in interfering with plaintiff's economic advantage with Harpo. Relying on *Popko* (as previously discussed) and *Rice v. Nova Biomedical Corp.,* 38 F.3d 909 (7th Cir. 1995), plaintiff argues that her claim for tortious interference against Harpo is sufficient to state a claim for relief. However, these cases are distinguishable as to Harpo. In both cases, the plaintiff asserts a claim for tortious inference with prospective business advantage against fellow employees and not the corporate employer. Illinois courts have held that a corporate employer cannot interference with its own business relationship with its employees. *See Vickers v. Abbott Labs.*, 308 Ill. App. 3d 393, 411 (1999), and "[a] claim of intentional interference generally can

only be brought against a third party, not against the employer. *Drury v. Sanofi-Synthelabo, Inc.* 292 F. Supp. 2d 1068, 1071 (N.D. Ill. 2003). Unlike the claim against Gooch for tortious interference which sufficiently states a claim, the claim against Harpo for tortious interference fails as a matter of law because an employer cannot interfere with its own business relationship with its employees. Therefore, Harpo's motion to dismiss Count IV is granted.

## CONCLUSION

For all of the reasons set forth in the court's Memorandum Opinion and Order, defendants Kirby Bumpus' motion to dismiss [18] is granted. Myron Gooch's motion to dismiss [32] is denied. Harpo Inc.'s motion to dismiss [27] is denied with respect to Count II and granted as to Count IV. Plaintiff shall file an amended complaint consistent with the court's Memorandum Opinion and Order on or before June 4, 2010. This matter is referred to Magistrate Judge Valdez for purposes of discovery supervision and settlement.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:  May 7, 2010